Michael S. Agruss
SBN: 259567
AGRUSS LAW FIRM, LLC
4611 N. Ravenswood Ave., Suite 201
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
GERALD GRIFFIN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

GERALD GRIFFIN,

    Plaintiff,

v.

NATIONAL CREDIT ADJUSTERS, LLC

    Defendant.

**Case No.: 2:15-cv-7656**

**PLAINTIFF'S COMPLAINT**

## PLAINTIFF'S COMPLAINT

Plaintiff, GERALD GRIFFIN ("Plaintiff"), through his attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, NATIONAL CREDIT ADJUSTERS, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Electronic Fund Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under, 15 U.S.C. 1693(m) (EFTA).

1

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1693(m), "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Bellflower, Los Angeles County, California.

6. Within the last year, Defendant sought to collect an alleged consumer debt from Plaintiff.

7. Defendant is a collection agency headquartered in Hutchinson, Kansas.

8. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Defendant is attempting to collect an alleged debt from Plaintiff originating with Sunrise

Credit.

14. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

15. In or around February 2015, Plaintiff entered into a payment plan with Defendant to make payments on the alleged debt.

16. In or around February 2015, Plaintiff orally agreed with one of Defendant's collectors to allow monthly payments to be drawn from Plaintiff's personal checking account and paid towards Plaintiff's outstanding account balance.

17. Defendant did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing the recurring or automatic payments.

18. Plaintiff did not provide Defendant either with a written or an electronic signature authorizing the recurring or automatic payments.

19. The payment plan which Defendant induced Plaintiff to enter into required Plaintiff to make an initial payment of $80.00., and additional payments of $112.07 once every two (2) weeks.

20. All payments were drawn from Plaintiff's personal checking account.

21. Without Plaintiff's written permission, Defendant withdrew the following amounts from Plaintiff's personal checking account on the following dates:

   a. February 11, 2015, in the amount of $80.00.

   b. February 26, 2015, in the amount of $112.07

   c. March 13, 2015, in the amount of $112.07

   d. March 26, 2015, in the amount of $112.07

   e. April 9, 2015, in the amount of $112.07

   f. April 23, 2015, in the amount of $112.07

   g. May 7, 2015, in the amount of $112.07

   h. May 21, 2015, in the amount of $112.07

22. Defendant's conduct as described above was intended to harass, coerce, and intimidate Plaintiff into payment of the alleged debt, or to increase the amount Plaintiff was willing to pay.

## COUNT I
## DEFENDANT VIOLATED THE ELECTRONIC FUND TRANSFER ACT

23. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

24. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

25. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

26. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." Id. at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." Id. at ¶10(b), comment 6.

27. In multiple instances, Defendant has debited Plaintiff's bank account on a recurring basis without obtaining a written authorization signed or similarly authenticated from Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section

4

907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

28. In multiple instances, Defendant has debited Plaintiff's bank account on a recurring basis without providing to Plaintiff a copy of a written authorization signed or similarly authenticated by Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

WHEREFORE, Plaintiff, GERALD GRIFFIN, respectfully requests judgment be entered against Defendant, NATIONAL CREDIT ADJUSTERS, LLC, for the following:

29. Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

30. Actual damages in the amount of $864.49;

31. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3); and

32. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  September 30, 2015          AGRUSS LAW FIRM, LLC

By: /s/  Michael S. Agruss
    Michael S. Agruss
    Attorney for Plaintiff
    GERALD GRIFFIN